### HARRIS v. STEWART.

TRIAL—REQUESTS TO CHARGE.

·   A judgment will not be reversed because of the refusal of the circuit judge to give all of the instructions requested by the appellant, if those given fully presented his theory of the case, and covered the entire controversy.

Error to Antrim; Corbett, J. Submitted February 10, 1897. Decided March 10, 1897.

Trover by Max Harris against Henry W. Stewart. From a judgment for plaintiff, defendant brings error. Affirmed.

*Sloman, Groesbeck & Robinson* (*Leavitt & Guile* and *C. E. Densmore*, of counsel), for appellant.

*William S. Mesick* (*George E. Nichols*, of counsel), for appellee.

GRANT, J.   Defendant was sheriff of Antrim county, and levied upon a stock of goods belonging to one Goldstick, under certain executions issued from justices' courts.   Plaintiff had a mortgage for $2,000 upon said stock of goods, and at the time of the levy was in possession thereof under his mortgage.   The creditors directed the sheriff to proceed with his executions in hostility to plaintiff's mortgage.   Plaintiff brought trover.   The issue upon trial was whether the mortgage was made with intent to defraud the creditors of Goldstick.   The testimony upon this point was in direct conflict, and the jury have settled it in favor of the plaintiff.   The first 13 pages of appellant's brief are taken up in detailing his version of the facts.   This was unnecessary, since the testimony was in conflict, and his counsel concede that the question of fraud was properly left to the jury.   Two questions are raised upon the admission of testimony, but we do not consider them of sufficient importance to discuss.   The ruling of the court thereon was correct.

Several errors are assigned upon the charge of the court and the refusal to give certain of defendant's requests.   He preferred 22 requests, of which 16 were given.   These 16 cover the entire controversy and theory of the defendant.   The principles governing such cases are familiar, and the present case involves nothing the discussion of which would be of any practical use as a guide in other cases.

It is sufficient, therefore, to say that we find no error, and the judgment is affirmed.

The other Justices concurred.